United States District Court
Southern District of Texas
**ENTERED**
September 05, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TANNA COBARRUBIAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:22-CV-00716 |
| § | |
| LOWE'S HOME CENTERS, LLC and § | |
| LOWE'S COMPANIES, INC., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

On a rainy day, Tanna Cobarrubias and her elderly mother were shopping at a Houston-area Lowe's Home Improvement store. After exiting the store, Cobarrubias slipped and fell on the wet sidewalk just past the covered awning at the front of the store. She sued Lowe's[1] in Texas state court for the injuries she suffered from her fall, seeking over $1,000,000 in damages. Cobarrubias asserts claims for both negligence and premises liability. Lowe's removed the case to federal court based on diversity jurisdiction. Lowe's has moved for summary judgment on both of Cobarrubias's claims. Cobarrubias's premises liability claim fails because rainwater pooled outside is not an unreasonably dangerous condition as a matter of law, and because Lowe's adequately warned her of the wet ground. Cobarrubias's negligence claim also fails because she has neither alleged,

---

[1] Cobarrubias named both Lowe's Home Centers, LLC and Lowe's Companies, Inc. as defendants in the lawsuit. (*See* Dkt. No. 1-2 at 12–19). Both Lowe's entities answered and appeared, though Lowe's Companies, Inc. contends it is an improper party. (*See id.* at 20). For the purposes of summary judgment, the Court need not address any joinder issues and will treat them as a single party, "Lowe's." (*See* Dkt. No. 14 at 5).

nor presented evidence of, an independent activity by Lowe's that caused her injury. Therefore, after careful review, the Court **GRANTS** Defendant Lowe's Home Centers, LLC's and Lowes Companies, Inc's Rule 56 Motion for Summary Judgment. (*See* Dkt. No. 14).

I.  **BACKGROUND**

On May 15, 2020, Cobarrubias accompanied her elderly mother to a Houston-area Lowe's store. (Dkt. No. 1-2 at 14); (Dkt. No. 17-1 at 3). It was not raining when she left her house, so she wore slide-on sports sandals with socks to the store. (Dkt. No. 14-3 at 3–4, 7). While they were inside the store, it began to rain. (Dkt. No. 14-4 at 4, 6). As they exited the store, Cobarrubias noticed that yellow "CAUTION: SLIPPERY WHEN WET" signs had been placed at the exit. (Dkt. No. 17-1 at 4–6); (Dkt. No. 17-2 at 3). Rather than walking straight to the parking lot from the door, she turned to her left and followed along the apron—the overhang along the storefront that provides some cover. (Dkt. No. 17-1 at 5); (Dkt. No. 17-3 at 10); (Dkt. No. 14-3 at 3). When she reached the end of the apron past the entrance to the store and stepped towards the parking lot, (Dkt. No. 17-2 at 7); (Dkt. No. 14-3 at 4), she slipped on the wet ground, (Dkt. No. 17-2 at 3). The ground had become slick with water and mud. (Dkt. No. 17-1 at 5); (Dkt. No. 14-4 at 5). The rain fell on her until the Lowe's manager arrived with an umbrella and called an ambulance. (Dkt. No. 17-1 at 8); (Dkt. No. 14-3 at 3).

On February 3, 2022, Cobarrubias filed this action in the 165th Judicial District Court of Harris County, Texas. (Dkt. No. 1-2 at 10). Cobarrubias asserted negligence and premises liability claims against Lowe's based on her status as a business invitee. (*See*

2

*generally id.* at 12–19). On March 7, 2022, Lowe's removed the case to this Court asserting diversity jurisdiction.[2] (Dkt. No. 1). The parties have engaged in discovery, (*see* Dkt. No. 10), and Lowe's has moved for summary judgment, (*see* Dkt. No. 14).

## II.   LEGAL STANDARD

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A material fact is one that might affect the outcome of the suit under governing law," and "a fact issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (quotations omitted). The moving party "always bears the initial responsibility of informing the district court of the basis for its motion" and identifying the record evidence that "it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2253, 91 L.Ed.2d 265 (1986). "If the moving party fails to meet [its] initial burden, the motion [for summary judgment] must be denied, regardless of the nonmovant's response." *United States v. $92,203.00 in U.S. Currency*, 537 F.3d 504, 507 (5th Cir. 2008) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam)).

---

[2]   Neither party contests the Court's diversity jurisdiction. Lowe's Home Centers, LLC is a North Carolina limited liability company, with North Carolina residing managers and a principal place of business in North Carolina. (Dkt. No. 1 at ¶ 9). Lowe's Companies, Inc. is a North Carolina corporation with its principal place of business in North Carolina. (*Id.* at ¶ 10). Cobarrubias is a Texas resident. (*Id.* at ¶ 8). The amount in controversy exceeds $75,000. (*Id.* at ¶¶ 13–14); (Dkt. No. 1-2 at 18, ¶ 22).

3

If the movant meets this burden, the nonmovant must come forward with specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(c); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87, 106 S.Ct. 1348, 1355–57, 89 L.Ed.2d 538 (1986). The nonmovant must "go beyond the pleadings and by [the nonmovant's] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Nola Spice Designs, L.L.C. v. Haydel Enters., Inc.*, 783 F.3d 527, 536 (5th Cir. 2015) (citation omitted). Allegations in a plaintiff's complaint are not evidence. *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 (5th Cir. 1996) (internal citation and quotation marks omitted) ("[P]leadings are not summary judgment evidence."). Likewise, unsubstantiated assertions, conclusory allegations, improbable inferences, and unsupported speculation are not evidence. *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994). "The nonmovant must identify specific evidence in the record and articulate the precise manner in which that evidence supports his or her claim." *Carr v. Air Line Pilots Ass'n, Int'l*, 866 F.3d 597, 601 (5th Cir. 2017) (per curiam) (cleaned up). "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Parrish v. Premier Directional Drilling, L.P.*, 917 F.3d 369, 378 (5th Cir. 2019) (citation omitted).

In reviewing a motion for summary judgment, the district court views the evidence in the light most favorable to the nonmovant. *Carr*, 866 F.3d at 601. This means that factual controversies are to be resolved in the nonmovant's favor, "but only when . . . both parties have submitted evidence of contradictory facts." *Little*, 37 F.3d at 1075.

### III.   DISCUSSION

#### A.   TEXAS SLIP-AND-FALL LAW

"Texas law governs in this diversity suit." *Austin v. Kroger Tex. L.P.*, 746 F.3d 191, 196 (5th Cir. 2014). Cobarrubias brought two claims under Texas law—premises liability and negligence. (Dkt. No. 1-2 at 14–15). These theories of recovery are distinct; "[w]hen the injury is the result of a contemporaneous, negligent activity on the property, ordinary negligence principles apply[,]" and "[w]hen the injury is the result of the property's condition rather than an activity, premises-liability principles apply." *Occidental Chem. Corp. v. Jenkins*, 478 S.W.3d 640, 644 (Tex. 2016). "In a premises liability case, as in a negligent activity case, 'the plaintiff must establish a duty owed to the plaintiff, breach of the duty, and damages proximately caused by the breach.'" *Reyes v. Dollar Tree Stores, Inc.*, 221 F. Supp. 3d 817, 833 (W.D. Tex. 2016) (quoting *Del Lago Partners, Inc. v. Smith*, 307 S.W.3d 762, 767 (Tex. 2010)). While slip-and-fall cases ordinarily only implicate premises liability, *see, e.g.*, *Austin*, 746 F.3d at 196, Cobarrubias pleaded both negligence and premises liability causes of action, (*see* Dkt. No. 1-2 at 14–15), and Lowe's has moved for summary judgment on both. (*See generally* Dkt. No. 14).

"In a premises liability action, the duty owed by a premises owner depends on the plaintiff's status." *Scott & White Mem'l Hosp. v. Fair*, 310 S.W.3d 411, 412 (Tex. 2010). One type of status is an invitee. "An invitee is one who enters the property of another with the owner's knowledge and for the mutual benefit of both." *Catholic Diocese of El Paso v. Porter*, 622 S.W.3d 824, 829 (Tex. 2021) (citation omitted). Here, Cobarrubias alleges, and Lowe's does not dispute for the purposes of summary judgment, that she is an invitee.

5

(Dkt. No. 1-2 at 15); (Dkt. No. 14 at 9). Thus, under Texas law, Lowe's was obligated "to use reasonable care to protect" Cobarrubias "from any unreasonably dangerous condition in its store of which it had actual or constructive knowledge." *Brookshire Grocery Co. v. Taylor*, 222 S.W.3d 406, 407 (Tex. 2006). As compared to ordinary negligence, "[u]nder a premises-defect theory, . . . the scope of the duty is more singularly defined: the plaintiff must establish that (1) the premises owner or operator had actual or constructive knowledge of the complained-of condition; and (2) the complained-of condition posed an unreasonable risk of harm." *Oncor Elec. Delivery Co., LLC v. Murillo*, 449 S.W.3d 583, 592 (Tex. App.—Houston [1st Dist.] 2014, pet. denied) (citing *Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, 529 (Tex. 1997)).

Proximate cause is a required element under both negligence and premises liability. *See, e.g., Del Lago*, 307 S.W.3d at 767. Proximate cause is composed of two components: cause-in-fact and foreseeability. *Smith v. Christus Saint Michaels Health Sys.*, 496 F. App'x 468, 470 (5th Cir. 2012) (citing *Travis v. City of Mesquite*, 830 S.W.2d 94, 98 (Tex. 1992)). Cause-in-fact is shown when, "by a preponderance of the evidence, the negligent act or omission is shown to be a substantial factor in bringing about the harm and without which the harm would not have occurred." *Kramer v. Lewisville Mem'l Hosp.*, 858 S.W.2d 397, 399–400 (Tex. 1993). "An act is foreseeable if 'the actor, as a person of ordinary intelligence, should have anticipated the dangers that his negligent act created for others.'" *Id.* (quoting *Travis*, 830 S.W.2d at 98). "Liability is grounded in the public policy behind the law of negligence [that] dictates every person is responsible for injuries

6

which are the reasonably foreseeable consequence of his act or omission." *Strakos v. Gehring*, 360 S.W.2d 787, 794 (Tex. 1962).

### B.    COBARRUBIAS'S PREMISES LIABILITY CLAIM FAILS AS A MATTER OF LAW

Lowe's moves for summary judgment on Cobarrubias's premises liability claim for two reasons. First, Lowe's argues that the muddy puddle did not pose an unreasonable risk of harm as a matter of law, because it was a natural condition and, therefore, cannot be unreasonably dangerous. (Dkt. No. 14 at 9–12). Second, Lowe's argues that even if the muddy puddle were an unreasonably dangerous condition and Lowe's knew or should have known about the muddy puddle, the undisputed summary judgment evidence establishes that Lowe's warned Cobarrubias of the danger by placing caution signs, which Cobarrubias admits to seeing prior to the fall. (*Id.* at 12–13). The Court will consider each argument in turn.

#### 1.    The muddy puddle created by rain was not unreasonably dangerous as a matter of law

In addressing whether there is evidence of an unreasonably dangerous condition sufficient to support Cobarrubias's premises liability claim, Lowe's argues that naturally occurring or accumulating conditions such as rain, mud, and ice do not create conditions posing an unreasonable risk of harm. (Dkt. No. 14 at 9–12) (citing *Seideneck v. Cal Bayreuther Assocs.*, 451 S.W.2d 752, 754 (Tex. 1970); *M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 675 (Tex. 2004); *Walker v. UME, Inc.*, 03:15-CV-00271, 2016 WL 3136878, at *2 (Tex. App.—Austin June 3, 2016, pet. denied)). The Court agrees.

Under Texas law, as a general rule, the landowner owes a duty to invitees "to make safe or warn against any concealed, unreasonably dangerous conditions of which the landowner is, or reasonably should be, aware but the invitee is not." *Pina v. Tex. Roadhouse Holdings LLC*, No. 7:18-CV-00350, 2021 WL 2457845, at *7–8 (S.D. Tex. June 15, 2021) (cleaned up) (quoting *Ardelean v. Wal-Mart, Inc.*, 838 F. App'x 852, 854 (5th Cir. 2020) (per curiam)). "Only unreasonably dangerous conditions give rise to premises liability." *Ardelean*, 838 F. App'x at 854. While the duty owed to an invitee is a heightened one to protect against even those risks the owner should discover after reasonable inspection, "there is no duty to warn when the risks are matters 'within the ordinary knowledge common to the community.'" *Whisenhunt v. WestRock, Texas, L.P.*, 628 F. Supp. 3d 693, 700 (E.D. Tex. 2022) (cleaned up) (quoting *Hirabayashi v. N. Main Bar-B-Q, Inc.*, 977 S.W.2d 704, 707 (Tex. App.—Fort Worth 1998, pet. denied)). "[T]he duty does not extend to warning the invitee of hazards that are open and obvious." *Hillis v. McCall*, 602 S.W.3d 436, 440 (Tex. 2020). "Invitees are at least as aware as landowners of the existence of [natural conditions] that ha[ve] accumulated naturally outdoors and will often be in a better position to take immediate precautions against injury." *Scott & White*, 310 S.W.3d at 414 (quoting *M.O. Dental*, 139 S.W.3d at 676 (cleaned up)). Thus, in Texas, a "naturally occurring" condition such as mud, ice, or a puddle "that accumulates without the assistance or involvement of unnatural contact is not an unreasonably dangerous condition sufficient to support a premises liability claim." *Id.*

Here, Cobarrubias slipped on wet and potentially muddy concrete outside the store. There is no dispute that it was raining, nor is there any dispute that the wet spot

8

and mud was created by rain accumulating "without the assistance or involvement of unnatural contact." *Id.* at 412. As a matter of law, then, there was no unreasonably dangerous condition, and Cobarrrubias's premises liability claim fails. *See id.*

### 2. **Lowe's warned Cobarrubias of wet ground, so there was no breach**

Even if the muddy puddle was an unreasonably dangerous condition, Cobarrubias's premises claim also requires a showing that Lowe's failed to warn her of the danger or make it safe. (Dkt. No. 14 at 12–13). To prevail on a premises-liability claim, Cobarrubias must establish the following four elements:

> (1) the property owner had actual or constructive knowledge of the condition causing the injury; (2) the condition posed an unreasonable risk of harm; (3) the property owner failed to take reasonable care to reduce or eliminate the risk; and (4) the property owner's failure to use reasonable care to reduce or eliminate the risk was the proximate cause of injuries to the invitee.

*Henkel v. Norman*, 441 S.W.3d 249, 251–52 (Tex. 2014); *accord Austin v. Kroger Tex., L.P.*, 465 S.W.3d 193, 202–03 (Tex. 2015). The property owner can negate the third element and defeat a premises claim "if the property owner either adequately warned the invitee about the condition or took reasonable actions designed to make it reasonably safe." *Henkel*, 441 S.W.3d at 252. Lowe's contends the yellow warning cones adequately warned Cobarrubias of the dangerous condition.

The issue here is whether the cones provided adequate warning of the condition. "To be adequate, a warning must be more than a general instruction such as 'be careful'; the warning must notify of the particular condition." *Id.* The adequacy of the warning

9

turns on whether the action was "reasonably prudent under the circumstances." *TXI Operations, L.P. v. Perry*, 278 S.W.3d 763, 764–65 (Tex. 2009).

Here, the yellow warning cones undisputedly warned of wet, slippery ground. (Dkt. No. 17-1 at 4–5); (Dkt. No. 14-2 at 2–5). Under Texas law, these cones adequately warned Cobarrubias of the wet ground. *See, e.g.*, *Johnson v. Kroger Co.*, 841 F. App'x 688, 690 (5th Cir. 2021) (citing *Henkel*, 441 S.W.3d at 250; *Golden Corral Corp. v. Trigg*, 443 S.W.3d 515, 520 (Tex. App.—Beaumont 2014, no pet.)). Moreover, Cobarrubias acknowledges that she saw the warning cones. (Dkt. No. 17-1 at 4–5). Indeed, she fell right next to them. (Dkt. No. 14-2 at 4–5). Lowe's warned Cobarrubias of the wet ground, and Lowe's has negated the third element of her premises claim. *Henkel*, 441 S.W.3d at 252. Cobarrubias's premises liability claim, therefore, fails as a matter of law.

### C. COBARRUBIAS'S NEGLIGENT ACTIVITY CLAIM FAILS AS A MATTER OF LAW

Lowe's also argues that it is entitled to summary judgment on Cobarrubias's negligent activity claim because there is no evidence of an instrumentality or activity by Lowe's that caused Cobarrubias's injuries; instead, the only allegations and evidence relate to a condition of the property. (*See* Dkt. No. 14 at 13–14). In response, Cobarrubias argues that Lowe's failure to place a warning cone in the exact location she slipped constitutes negligence. (Dkt. No. 17 at 11–12). Cobarrubias's argument is unavailing because the failure to warn an invitee cannot support a negligent activity claim.

Texas courts have consistently recognized that negligent activity claims and premises defect claims are independent theories of recovery, and a finding of one will not suffice to create liability for the other. *See, e.g.*, *Olivo*, 952 S.W.2d at 527 (noting "two types

of negligence in failing to keep the premises safe: that arising from an activity on the premises, and that arising from a premises defect"). Although "[t]he lines between negligent activity and premises liability are sometimes unclear," "negligent activity encompasses a malfeasance theory based on affirmative, contemporaneous conduct by the owner that caused the injury, while premises liability encompasses a nonfeasance theory, based on the owner's failure to take measures to make the property safe." *Del Lago*, 307 S.W.3d at 776. A finding of liability under a negligent activity theory "requires that the person have been injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992); *see Olivo,* 952 S.W.2d at 527. In a landowner-invitee case, alleged nonfeasance (the failure to do some act) on the part of the landowner cannot give rise to a negligence claim; it can only give rise to a premises liability claim. *See Austin*, 465 S.W.3d at 216. Moreover, even where the plaintiff alleges the defendant created the condition at issue, a negligent activity claim requires *contemporaneous* activity. *See id.* at 215; *see also Ille v. Lowe's Home Centers, LLC*, No. 1:20-CV-00143, 2021 WL 6063112, at *6 (N.D. Tex. Dec. 20, 2021) (declining to recognize a negligent activity claim where the alleged conduct occurred prior to the injury).

Cobarrubias alleges that Lowe's decision to place warning cones in some locations but failure to place a warning cone where she slipped amounts to malfeasance. (*See* Dkt. No. 17 at 10–11). But this alleged conduct—the failure to place cones—is nonfeasance, not malfeasance. *See Del Lago*, 307 S.W.3d at 776 (distinguishing between allegations of "nonfeasance," or the failure to act, and allegations of misfeasance, or improper actions).

Additionally, even if the decision to place cones in some places but not in others could constitute malfeasance, this decision happened prior to Cobarrubias exiting the store. *See Ille*, 2021 WL 6063112, at *6; (Dkt. No. 14-3 at 6–7). Her claim does not result from contemporaneous activity, so she has no negligent activity claim, and her claim sounds exclusively in premises liability. *Ille*, 2021 WL 6063112, at *6 (quoting *Austin*, 465 S.W.3d at 215). Therefore, summary judgment on Cobarrubias's negligence claim is appropriate.

## IV. CONCLUSION

For the foregoing reasons, Cobarrubias's claims of premises liability and negligence fail as a matter of law, and summary judgment for Lowe's is appropriate. The Court **GRANTS** Defendant Lowe's Home Centers, LLC's and Lowes Companies, Inc.'s Rule 56 Motion for Summary Judgment. (Dkt. No. 14).

It is SO ORDERED.

Signed on September 4, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**